UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-152-TBR

**JAKWAN DAVID LEE JONES,**                                                                 **PLAINTIFF**

v.

**KENTUCKY DEPARTMENT OF
CORRECTIONS, et al.,**                                                                       **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion for Summary Judgment filed by Defendants De'Edra Hart and Roger Mitchell. [DN 22]. Plaintiff Jakwan David Lee Jones has not filed a response to Defendants' motion, and the time to do so has expired. This matter is therefore ripe for review. For the reasons set forth herein, the Court will grant Defendants' Motion for Summary Judgment.

**I.      BACKGROUND**

Plaintiff is a pro se prisoner presently incarcerated at the Kentucky State Penitentiary ("KSP"). On September 2, 2020, he filed this 42 U.S.C. § 1983 action alleging that the defendants, current or former KSP officials, committed various acts or omissions that violated his rights under the United States and Kentucky constitutions. [DN 1]. More specifically, he alleges that he was repeatedly served food items containing dairy despite a known lactose intolerance diagnosis. *Id.* Stated another way, he argues that the defendants were deliberately indifferent to his serious medical needs. He also alleges that he filed several administrative

1

grievances in response to being served dairy items, and he was disciplined in response. *Id.* As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release/parole." *Id.*

Plaintiff initially named as defendants the Kentucky Department of Corrections ("KDOC") and the following persons in their individual and official capacities: former Acting KDOC Commissioner (now KDOC Deputy Commissioner) Randy White; former KSP Warden De'Edra Hart; Aramark Food Supervisor Kevin Winfree; and KSP Grievance Coordinator and Unit Administrator Roger Mitchell. *Id.* On February 26, 2021, the Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. [DN 9]. The Court dismissed Plaintiff's claim for injunctive relief, all claims against KDOC, and all official capacity claims against Defendants White, Hart, Winfree, and Mitchell. *Id.* The Court also dismissed the individual capacity claim against Defendant White. *Id.* However, the Court allowed the Eighth Amendment claims for damages against Defendants Hart, Winfree, and Mitchell in their individual capacities to proceed. *Id.*

With respect to these remaining defendants, Plaintiff alleges that they "chose to conspire, ignore, 'and' continued to allow food items containing Dairy Products. . . to be forcefully given to [him]." [DN 1, p. 6]. He also alleges that he "took the necessary steps to remedy this problem"—apparently referring to his administrative grievances—but "was disciplined repeatedly, 'and' continued to be sickend (sic) by their practices." *Id.* From these allegations, the Court understands that Plaintiff asserts a deliberate indifference claim against these defendants.

Defendants Hart and Mitchell[1] now move for summary judgment on these remaining claims, arguing that they are entitled to qualified immunity and regardless, they did not violate

---

[1] Defendant Winfree was served on November 17, 2021, but he has not answered or otherwise appeared in this action. *See* [DN 20].

2

Plaintiff's constitutional rights. [DN 22]. They filed their Motion for Summary Judgment on March 7, 2022. *Id.* Plaintiff's response was therefore due on or before March 28, 2022. *See* Local Rule 7.1(c) (allowing twenty-one days for a response). As of the date of this Memorandum Opinion and Order, no response has been filed, and the time to do so has long since expired. This matter is therefore ripe for review.

## II.    STANDARD OF REVIEW

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In reviewing a motion for summary judgment, the Court must review the evidence in the light most favorable to the non-moving party; however, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be

evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Ultimately, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, then there is no genuine issue of material fact and summary judgment is appropriate. *Matsushita Elec.*, 475 U.S. at 587 (citation omitted).

### III. ANALYSIS

As noted above, Defendants Hart and Mitchell first argue that they are entitled to qualified immunity. "[T]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). When considering qualified immunity claims, the Court applies a two-step analysis. *Id.* at 232. First, the Court considers whether the facts the plaintiff has shown "make out a violation of a constitutional right." *Id.* (citation omitted) Second, the Court asks whether that constitutional right was "'clearly established' at the time of [the] defendant's alleged misconduct." *Id.* (citation omitted).

The defendant bears the initial burden of raising a qualified immunity defense. *Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir. 2012) (citations omitted). Notably, however, once a defendant has raised the defense, "the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011)).

4

In the present case, the Court finds that the plaintiff has failed to satisfy his burden of demonstrating that Defendants Hart and Mitchell violated a constitutional right, and as a result, both defendants are entitled to qualified immunity. The Court addresses each defendant in turn.

**A. Defendant Hart**

During the relevant time period, Defendant Hart served as Warden of KSP. [DN 22-3 (Hart Affidavit)]. Among Hart's responsibilities as Warden was the duty to review inmates' grievances in accordance with the grievance procedures outlined in the Kentucky Corrections Policies and Procedures manual. *Id.* In her affidavit, Hart explains the grievance process. *Id.* First, an inmate files a grievance. *Id.* Attempts are then made to informally resolve that grievance, but if the inmate is unsatisfied with the informal resolution, he or she may file a written request for a grievance hearing. *Id.* If the inmate is unsatisfied with the outcome of the hearing, he or she may appeal that decision to the Warden. *Id.* Finally, the inmate can appeal the Warden's decision to the Commissioner of the KDOC. *Id.*

Pursuant to these procedures, Hart reviewed Plaintiff's grievance appeal, which was received by her office on or about April 27, 2020. *Id.* She initiated an investigation into Plaintiff's allegations, and her investigator conferred with Aramark Correctional Services (which provides food services to the inmates) and WellPath (which provides medical services). *Id.* Hart concluded that Plaintiff was being provided with a milk intolerant diet, and he had not produced any evidence to the contrary. *Id.* As a result, Hart felt that no other action was necessary. *Id.* She further explains that her "sole involvement" in the facts giving rise to this action was the review and denial of Plaintiff's grievance appeal. *Id.* She states that she had "absolutely nothing to do with the menu planning, food preparation, or delivery of meals" to Plaintiff. *Id.*

Plaintiff has not filed a response to the Motion for Summary Judgment, and he has not produced any evidence to contradict Hart's sworn statement. From the Complaint, the Court understands that the only relevant action or inaction taken by Hart was the denial of his administrative grievance appeal. [DN 1]; *see also* [DN 1-2 (Grievance Forms)]. Hart has submitted a sworn statement further verifying that her only involvement in this action was her review and denial of Plaintiff's grievance appeal. [DN 22-3]. However, without more, the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish a constitutional violation. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that no constitutional violation was shown where defendants only alleged involvement was the denial of a grievance and the failure to remedy an alleged issue).

Further, while Plaintiff does not clearly allege responsibility under a *respondeat superior* theory, the Court nevertheless notes that "§ 1983 liability must be based on more than *respondeat superior*, or the right to control employees." *Id.* (citing *Hays v. Jefferson County*, Ky., 668 F.2d 869, 874 (6th Cir. 1982)). Instead, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor" encouraged the incident or directly participated in it. *Id.* (citing *Hays*, 668 F.2d at 874). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874) (internal quotation marks omitted). Plaintiff has presented no such evidence in this case.

The Court therefore finds that, based on the uncontradicted evidence of record, Plaintiff has failed to establish (or even allege) that Hart violated a constitutional right. As a result, the Court finds that Hart is entitled to qualified immunity. The Court will therefore grant the Motion

for Summary Judgment to the extent it seeks summary judgment on the claim against Defendant Hart in her individual capacity.

### B. Defendant Mitchell

During the relevant time period, Defendant Mitchell served as the KSP Grievance Coordinator. [DN 22-7 (Mitchell Affidavit)]. Not surprisingly, Defendant Mitchell, while acting as the Grievance Coordinator, did not play any role in the "menu planning, food preparation, or delivery of meals" to Plaintiff. *Id.* Rather, he processed inmate grievances and screened those grievances for technical compliance with the procedures set forth in the Kentucky Corrections Policies and Procedures manual. *Id.* However, he did not analyze the merits of the grievances or play any role in ruling on the grievances' merits. *Id.* In fact, in his sworn affidavit, Mitchell states that he "had absolutely nothing to do with the determination of the merits of [Plaintiff's] grievance at any stage in the grievance process." *Id.*

Plaintiff has not filed a response to the Motion for Summary Judgment, and he has not produced any evidence to contradict Mitchell's sworn statement. Further, he does not allege any involvement on the part of Mitchell in his Complaint. The Complaint's sole reference to Mitchell is as follows: "Hart, Mitchell, and Winfree chose to conspire, ignore, and continued to allow food items containing dairy products, i.e. milk, eggs, cheese to be forcefully given to the Plaintiff, when healthcare officials established the medical fact of plaintiffs (sic) condition concerning food allergies, food illnesses." [DN 1, p. 6]. In response, Defendants have produced uncontradicted evidence that Mitchell, at most, reviewed Plaintiff's grievances for technical compliance with the facility's grievance procedures, and he did not review the grievances on their merits, nor was he involved in Plaintiff's food planning, preparation, or distribution. [DN 22-7].

The Court therefore finds that, based on the uncontradicted evidence of record, Mitchell did not play any role in any alleged constitutional violation involving Plaintiff's meals or his grievance denials. Because Plaintiff has failed to establish (or even allege) that Mitchell violated a constitutional right, the Court finds that Mitchell is entitled to qualified immunity. The Court will therefore grant the Motion for Summary Judgment to the extent it seeks summary judgment on the claim against Defendant Mitchell in his individual capacity.

### IV.     CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Motion for Summary Judgment filed by Defendants De'Edra Hart and Roger Mitchell, [**DN 22**], is **GRANTED**. A separate judgment shall follow. The only remaining claim in this action is the § 1983 claim for damages against Defendant Winfree in his individual capacity.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 10, 2022

cc: Counsel of Record
    Plaintiff, pro se